# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA



FILED BY _____ D.C.
AUG 0 5 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

NELSON HURRICANE CINTRON   Case NO. 07-60049- CR

Defendant,   Dimitrouleas

Vs.

UNITED STATES OF AMERICA

Plaintiff,

## Motion to Modify/Clarify Conditions of Release

Comes Now, The Defendant, Nelson Hurricane Cintron, respectfully submits a request to the Court to modify/clarify special conditions of release. As per this Court, Special Conditions of Supervision were set forth per the Judgement and Commitment imposed on October 17, 2007. These special conditions include but are not limited to the following:

*Permissible Computer Examination:* the defendant shall submit to the U.S. Probation Officer conducting periodic unannounced examination of the defendant's computer(s) equipment which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use.

*Computer Activity Recordkeeping Requirement:* The defendant shall maintain a daily log of all addresses or sites accessed via any personal computer (or other computer used by the defendant), other than for authorized employment, and make this log available to the U.S. Probation Officer.

*Offense Related Computer Restriction:* The defendant shall refrain from accessing via computer any "material" that relates to the activity in which the defendant was engaged in committing the Instant Offense.

*Data Encryption Restriction:* The defendant shall not possess or use any data encryption technique or program.

The further special conditions are rather bewildering to the Defendant, especially in consideration of the latter conditions already stated. The only conceivable conclusion the Defendant can imagine is that this Court has purposely taken no clear stance on the issue by providing conflicting conditions and is leaving it solely to the discretion of Probation to determine feasible action. The additional elements stated as special conditions are as follows:

*Computer Modem Restriction:* The defendant shall not possess or use a computer or use a computer that contains an internal, external, or wireless modem without the prior approval of the Court.

*Computer Possession Restriction:* The defendant shall not possess or use any computer; except that the defendant may with the prior approval of the Court, use a computer in connection with authorized employment.

*Employer Computer Restriction Disclosure:* The defendant shall permit third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed upon the defendant.

If the Court's intention were to leave this decision up to the Probation Department, it is their understanding, as told to the Defendant by the Probation Officer, on July 30, 2020 via telephone, "no accessing the internet". Considering that the Defendant was released with

COVID-19, the Defendant was instructed to first obtain a negative test result and then appear before the Probation Officer at the Hollywood Probation Offices. Having to depend on family members to acquire appointments via the internet for testing, is another example of not being able to function in this society so dependent on the internet for any kind of transaction. No other specific instructions were given to the defendant under these strange and unusual times and the Defendant has abided by the instructions given of not accessing the internet by the Probation Officer.

The Defendant proceeded to acquire the Judgement and Commitment and review the conditions set forth by this Court since the abnormal circumstances created by the COVID-19 pandemic have resulted in unique operations in many departments and the Defendant is sure that these conditions would have been thoroughly presented by the Probation Officer during normal operations. Once acquired, by a family member, it is at this point the Defendant became very confused as the Defendant reviewed the conflicting conditions above and was confused especially since the Bureau of Prisons understanding of the Judgement and Commitment was always presented to the Defendant as special conditions of release being "Computer Monitoring", and never any mention of language that would result in banishment from the use of the internet.

**COVID-19 WORLD**

The world in which the Defendant was sentenced under is no longer a reality that we live in nor for many is the world of six months ago, that is nothing more than a memory prior to COVID-19. It is undeniable that the future will continue to rely heavily upon the use of the internet and information technology as many parts of our industry will never revert to traditional methods of doing business again but will be solely reliant on the internet for business. Many

3

people see their doctor via telemedicine, access virtual psychology sessions, have food delivered to their homes through Uber Eats, create other appointments/services via the internet, attend virtual court hearings via Zoom, etc., and in many cases businesses will not interact with customers other than through the internet. This is not a world imagined at the time of the Defendants sentencing and being excluded from access to the internet is beyond detrimental to the Defendant it simply is unfeasible to do business and live in this COVID world without access to the internet and acquire any sort of success. In this connected world being disconnected is a recipe for failure and homelessness. Interestingly, the Defendant has even noticed many homeless people with smart phones and therefore would not even be on an equal playing field with the many homeless men and women of Broward County.

**CONCLUSION**

The Defendant is an MBA graduate from the Wayne Huzienga School of Business and Entrepreneurship at Nova Southeastern University and obtained this degree in 2003 to acquire knowledge in pursuing a personal business and being denied access to the internet in this world would simply make the use of that degree null and void. The Defendant has over $90,000 in school loan debt to pay and the knowledge and talent to do things that will be productive and helpful to society. Even amidst the pandemic, trauma from the first death of COVID-19 being his cellmate of four years and the continual effects of brain fog and headaches from the virus, it is a testament to his fortitude, that the Defendant has been able to acquire employment *(commencing upon approval by this Court)* with Evexia Enterprises LLC dba VetWorksUSA as a director managing employee teams through Microsoft Team Portal, managing content for VetworksUSA, and supervising veteran sex offender coordinators. Additionally, I will be

4

required to assist in the development and implementation of ex-offender reentry programs for veterans and veteran sex offenders. *See Employment Contract, Exhibit A.* This is an amazing career opportunity for the Defendant that most will not acquire upon release and can be done primarily via a home office, as many jobs are now being done. The Chief Executive Officer is LCDR Latta R. Thomas, retired Chaplain and United States Navy. Of course, the Defendant additionally seeks that this Court not only approve his internet access but also approve this employment as the Defendant will be able to immediately begin earning wages and be contributing to society in a meaningful and fulfilling way.

Since the Defendant has not acquired a negative test result yet (*Test scheduled for Saturday at 1:30pm, at the testing site designated by the Probation Officer*) and therefore not had an initial meeting with his Probation Officer, this employment opportunity has not been discussed yet, but the Defendant imagines that permission from this Court will be needed anyhow. Regardless, with no internet access in this current world that will continue to grow with the uses of artificial intelligence, robotics, data analytics, 5G internet access and vehicles that are continually connected to the internet, no access is simply a guaranteed plan for nothing more than a life on the streets.

Furthermore, the Defendant is amid a civil court battle that makes use of Zoom for hearings during these COVID-19 times and has been denied by his Probation Officer from using Zoom to attend his hearing. Of course, this will put the Defendant at an extreme disadvantage of having to represent oneself via the phone as all other parties will be on video, but the Defendant must abide by the Probation Officers rules regardless if it puts him into a position of hardship or not. **Although, the Probation Officer did not object to the Defendant motioning this Court for internet access and as long as this Court approves access, he has no problem.**

5

The Defendant does not expect the Court nor Prosecution to take him on his word to abide by the law and is more than willing to being subjected to the full monitoring as stated within the Judgement and Commitment, at the Defendants expense, of all computer devices if the Court deems such action to be necessary tools in protecting the public. The Defendant, prior to incarceration, possessed a less than 6% chance of re-offending based on results from the sex offender treatment program weekly visited by the Defendant and was presented to the Court at sentencing. The Defendant simply desires the ability to apply his talents and abilities for good causes, pay his student loans, taxes, bills etc., and prays that this Court and Prosecution will give him the chance to compete at the same level as other successful people and to prove his worth and his ability to abide by the law while helping the great veterans of this country. May Gods Blessings be upon you.

Respectfully submitted,

By: Nelson Hurricane Cintron/ Pro Se

Tel (Family Member): 954-465-8322

E-Mail (Family Member): normalcin1@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on August 5th, 2007, I filed the foregoing documents with the Clerk of the Court at the Federal Courthouse.

Pro Se/ Nelson Hurricane Cintron

7

# EXHIBIT A

## *Evexia Enterprises Employment Contract*

This Employment Contract (this "Contract") is made effective as of August 1, 2020, by and between Evexia Enterprises LLC dba VETWORKSUSA of 12922 SW 221ST STREET, MIAMI, Florida, 33170 and Citron Hurricane Nelson of Davie Florida.

- A. Vetworksusa is a State of Florida registered not for profit organization providing post-incarceration reentry services to justice-involved veterans. Cintron Hurricane Nelson will primarily perform the job duties digitally online through Microsoft programs, Vetworksusa website, Vetworksusa digital vendors and at the following location: 1951 NW 7TH AVENUE #600, MIAMI, Florida.

- B. Citron Nelson will serve as director of Evexia Enterprises LLC dba Vetworksusa. As director of Vetworksusa, Cintron Hurricane Nelson will manage employee teams through Microsoft Team Portal, manage and maintain content for VetworksUSA, and supervise veteran sex offender coordinators. As director of Vetworksusa, Cintron Hurricane Nelson will assist in the development and implementation of ex-offender reentry programs for veterans and veteran sex offenders.

- C. Cintron Hurricane Nelson is an at will employee of Evexia Enterprises LLC dba Vetworksusa. Either party is able to terminate the employment agreement at any time.

Therefore, the parties agree as follows:

1. **EMPLOYMENT.** Evexia Enterprises LLC dba full time employment at the rate of $10.00 per hour at 40 hours per week. Cintron Hurricane Nelson, as a full time employee accepts and agrees to such employment, and agrees to be subject to the general supervision, advice and direction of Evexia Enterprises LLC dba Vetworksusa Chief Executive Officer Chaplain Latta Thomas, Retired Chaplain Federal Bureau of Prisons and the United States Navy.

2. **BEST EFFORTS OF EMPLOYEE.** Cintron Hurricane Nelson agrees to perform faithfully, industriously, and to the best of his ability as an ex-offender, experience, and talents, all of the duties that may be required by the express and implicit terms of this Contract, to the reasonable satisfaction of Evexia Enterprises LLC dba Vetworksusa. Such duties shall be provided at such place(s) as the needs, business, or opportunities of Evexia Enterprises LLC dba VetworksUSA may require from time to time.

3. **CONFIDENTIALITY.** Cintron Hurricane Nelson recognizes that Evexia Enterprises LLC dba Vetworksusa has and will have information regarding the following:
   - inventions
   - products

- product design
- processes
- technical matters
- trade secrets
- copyrights
- customer lists
- prices
- costs
- discounts
- business affairs
- future plans
- COMPANIES AND GOVERNMENT AGENCIES DOING BUSINESS WITH EVEXIA ENTERPRISES LLC DBA VETWORKSUSA.

and other vital information items (collectively, "Information") which are valuable, special and unique assets of Evexia Enterprises LLC dba Vetworksusa. Cintron Hurricane Nelson agrees that as Director of Vetworksusa he will not at any time or in any manner, either directly or indirectly, divulge, disclose, or communicate any Information to any third party without the prior written consent of Evexia Enterprises LLC dba Vetworksusa. Cintron Hurricane Nelson will protect the Information and treat it as strictly confidential. A violation by Cintron Hurricane Nelson of this paragraph shall be a material violation of this Contract and will justify legal and/or equitable relief.

This Agreement is in compliance with the Defend Trade Secrets Act and provides civil or criminal immunity to any individual for the disclosure of trade secrets: (i) made in confidence to a federal, state, or local government official, or to an attorney when the disclosure is to report suspected violations of the law; or (ii) in a complaint or other document filed in a lawsuit if made under seal.

**4. Cintron UNAUTHORIZED DISCLOSURE OF INFORMATION.** If it appears that Cintron Hurricane Nelson has disclosed (or has threatened to disclose) Information in violation of this Contract, Evexia Enterprises LLC dbaVetworksusa shall be entitled to an injunction to restrain from disclosing, in whole or in part, such Information, or from providing any services to any party to whom such Information has been disclosed or may be disclosed. Evexia Enterprises LLC dba Vetworksusa shall not be prohibited by this provision from pursuing other remedies, including a claim for losses and damages.

**5. CONFIDENTIALITY AFTER TERMINATION OF EMPLOYMENT.** The confidentiality provisions of this Contract shall remain in full force and effect for a period of 10 YEARS after the voluntary or involuntary termination of Cintron Hurricane Nelsons's employment. During such period, neither party shall make or permit the making of any public announcement or statement of any kind that Cintron Hurricane Nelson was formerly employed by or connected with Evexia Enterprises LLC dba Vetworksusa.

6. **EMPLOYEE'S INABILITY TO CONTRACT FOR EMPLOYER.**
The director of Vetworksusa shall not have the right to make any contracts or commitments for or on behalf of Evexia Enterprises LLC dba Vetworksusa without first obtaining the express written consent of Chaplain Latta Thomas, founder of Evexia Enterprises LLC dba Vetworksusa.

7. **TERM/TERMINATION.** ~~Citron~~ Cintron Hurricane Nelson's employment under this Contract shall be for an unspecified term on an "at will" basis. This Contract may be terminated by Evexia Enterprises LLC dba Vetworksusa upon NO WRITTEN NOTICE written notice, and by ~~Citron~~ Cintron Hurricane Nelson upon 15 DAYS written notice. If Evexia Enterprises LLC dba Vetworksusa shall so terminate this Contract, ~~Citron~~ Cintron Hurricane Nelson shall be entitled to compensation for 2 WEEKS beyond the termination date of such termination, unless there is in violation of this Contract. If Citron Hurricane Nelson is in violation of this Contract, Evexia Enterprises LLC dba Vetworksusa may terminate employment without notice and with compensation to ~~Citron~~ Cintron Hurricane Nelson only to the date of such termination.

8. **TERMINATION FOR DISABILITY.** Evexia Enterprises LLC dba Vetworksusa shall have the option to terminate this Contract, if ~~Citron~~ Cintron Hurricane Nelson becomes permanently disabled and is no longer able to perform the essential functions of the position with reasonable accommodation. Evexia Enterprises LLC dba Vetworksusa shall exercise this option by giving 30 DAYS written notice.

9. **COMPLIANCE WITH EMPLOYER'S RULES.** ~~Citron~~ Cintron Hurricane Nelson agrees to comply with all of the rules and regulations of Evexia Enterprises LLC dba Vetworksusa.

10. **RETURN OF PROPERTY.** Upon termination of this Contract, Nelson Hurricane ~~Nelson~~ Cintron shall deliver to Evexia Enterprises LLC all property which is Evexia Enterprises LLC's property or related to Evexia Enterprises LLC's business (including keys, records, notes, data, memoranda, models, and equipment) that is in his possession and under his control.

11. **NOTICES.** All notices required or permitted under this Contract shall be in writing and shall be deemed delivered when delivered in person or on the third day after being deposited in the United States mail, postage paid, addressed as follows:

This is a RocketLawyer.com document.

Employer:
Evexia Enterprises LLC  dba Vetworksusa
LATTA R. THOMAS JR.
CEO
1951 NW 7TH AVENUE. #600
MIAMI, Florida 33136

Employee:
~~Citron~~ *Cintron* Nelson
4165 S.W. 66th Lane
Davie, Florida 33314

Such addresses may be changed from time to time by either party by providing written notice in the manner set forth above.

12. **ENTIRE AGREEMENT.** This Contract contains the entire agreement of the parties and there are no other promises or conditions in any other agreement whether oral or written. This Contract supersedes any prior written or oral agreements between the parties.

13. **AMENDMENT.** This Contract may be modified or amended, if the amendment is made in writing and is signed by both parties.

14. **SEVERABILITY.** If any provisions of this Contract shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

15. **WAIVER OF CONTRACTUAL RIGHT.** The failure of either party to enforce any provision of this Contract shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Contract.

16. **APPLICABLE LAW.** This Contract shall be governed by the laws of the State of Florida.

17. **SIGNATORIES.** This Contract shall be signed by Latta Thomas, CEO of Evexia Enterprises LLC dba Vetworksusa and by Mr. ~~Citron~~ *Cintron* Hurricane Nelson in an individual capacity. This Contract is effective as of the date first above written.